OSCAR FIGUEROA, Bar No. 313238
oscar.figueroa@troutman.com
TROUTMAN SANDERS LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614-2545
Telephone: 949.622.2700
Facsimile: 949.622.2739

AUSTIN PADGETT, Bar No. 296309
austin.padgett@troutman.com
TROUTMAN SANDERS LLP
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308-2231
Telephone: 404.885.3000
Facsimile: 404.885.3900

Attorneys for Defendants
PRETTYLITTLETHING.COM LIMITED
and PRETTYLITTLETHING.COM USA
INC.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C&SM INT'L, a South Korea corporation,<br><br>                    Plaintiff,<br><br>          v.<br><br>PRETTYYLITTLETHING.COM LIMITED, a Manchester Corporation; PRETTYLITTLETHING.COM USA INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No. 2:19-cv-04046-CBM-KS<br><br>Honorable Consuelo B. Marshall<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT PRETTYLITTLETHING.COM LIMITED'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(5)**<br><br>Date:      September 24, 2019<br>Time:      10:00 a.m.<br>Place:     Courtroom 8B |

39661809

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

## I.     <u>INTRODUCTION</u>

Prettylittlething.com Limited ("PLT UK") is a foreign corporation organized under the laws of the United Kingdom ("UK") and has its principal place of business in Manchester. Since the U.S. and UK are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), Federal Rule of Civil Procedure 4(f)(1) requires that service of a summons and complaint on PLT UK in the UK comply with the Hague Convention. Plaintiff C&SM Int'l. ("Plaintiff") failed to properly serve PLT UK in the manner required by the Hague Convention.

Plaintiff's proof of service filed on July 16, 2019, contains a "CERTIFICATE – ATTESTATION" from the UK's Central Authority purporting to have personally served PLT UK with unspecified "documents" on June 17, 2019. The "CERTIFICATE – ATTESTATION" also purports to have served the unspecified "documents" in accordance with Article 5, sub-paragraph (a), of the Hague Convention, which requires service by a method prescribed by the internal law of the signatory state—here, the internal law of the UK. The UK's internal law requires that a company or corporation be personally served by leaving the documents with a person holding a **<u>senior position</u>**. According to the "CERTIFICATE - ATTESTATION," the method of service employed was leaving the unspecified documents with security at PLT UK's registered address—*i.e.*, not with a person holding a senior position at PLT UK. Plaintiff's attempted service on PLT UK did not comply with the Hague convention; as a result, PLT UK makes this special appearance to contest Plaintiff's insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).

## II.     <u>FACTUAL BACKGROUND</u>

Plaintiff filed the original complaint against PLT UK on May 8, 2019. Dkt. 1. The Complaint alleges claims of copyright infringement, vicarious copyright infringement, and contributory copyright infringement against PLT UK and

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

39661809

- 1 -

Prettylittlething.com USA Inc. ("PLT US"). *Id*. Upon Plaintiff's request, the Court Clerk issued a 21 day summons on May 10, 2019. Dkt. 8. On July 16, 2019, Plaintiff filed the deficient proof of service with the Court.  Declaration of Oscar Figueroa in Support of Defendant Prettylittlething.com Limited's Motion to Dismiss for Insufficient Service of Process Pursuant to Federal Rule of Civil Procedure 12(b)(5) ("Figueroa Decl."), ¶ 2, Ex. A.

On the face of the deficient proof of service, a "CERTIFICATE – ATTESTATION" purports that, on June 17, 2019, unspecified "documents" were served on PLT UK at their registered UK address 49-51 Dale Street, Manchester, M1 2HF. *Id*. The "CERTIFICATE – ATTESTATION" further purports to have served the "documents" in accordance with "the provisions of sub-paragraph (a) of the first paragraph of article 5 of the [Hague] [C]onvention." *Id*. The "CERTIFICATE – ATTESTATION" also purports to have personally served PLT UK by leaving unspecified documents with security at PLT UK's registered address. *Id*. The "CERTIFICATE – ATTESTATION" contains no further details as to what "Documents" were left at security, there are also no details as to the identity of the security personnel who was given the "Documents," nor was there any attestation that the method of service was good service under the Civil Procedure Rules of England and Wales. *Id*. Service in this manner was requested by an unknown attorney, Tom R. McLean, Esq., of Legal Language Services in Leawood, Kansas. *Id*. Mr. McLean made this request to the UK's Central Authority for service by submitting a "Summary Of The Document To Be Served." *Id*. Interestingly, there are no declarations of service from either Plaintiff's counsel nor Mr. McLean attesting to compliance with the Hague Convention nor specifying the documents that were requested to be served on PLT UK.

## III.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(5) Standard

Federal courts cannot properly exercise personal jurisdiction over a defendant

Troutman Sanders LLP
5 Park Plaza
Suite 1400
Irvine, CA 92614-2545

without sufficient service of process. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987) (citation omitted); *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."). "Thus, before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum." *Omni Capital*, 484 U.S. at 104. A motion to dismiss pursuant to Rule 12(b)(5) "is the proper vehicle for challenging the mode of delivery . . . of the summons and complaint." *Wasson v. Riverside County*, 237 F.R.D. 423, 424 (C.D. Cal. 2006). When the sufficiency of service of process is contested pursuant to Federal Rule of Civil Procedure 12(b)(5), it is the **plaintiff's burden** to establish sufficient service of process. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) ("Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4.").

### B. Federal Rule of Civil Procedure 4 Standard

Federal Rule of Civil Procedure 4 governs service of process for all suits in federal court. *See* FED. R. CIV. P. 4. Absent a waiver of service from the defendant, Federal Rule of Civil Procedure 4(h)(2) directs that service on a foreign corporation, if done outside of the United States, shall be effected "in any manner prescribed by Rule 4(f) for serving an individual . . . ." FED. R. CIV. P. 4(h)(2). Federal Rule of Civil Procedure 4(f)(1) authorizes service "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention." *See Platypus Wear, Inc. v. Bad Boy Europe Ltd.*, No. 16-CV-02751-BAS-DHB, 2018 WL 3706876, at *4 (S.D. Cal. Aug. 2, 2018) ("[S]ervice of process is valid where an individual is served 'by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention.'" (quoting *Lidas, Inc. v. United States*, 238 F.3d 1076, 1084 (9th Cir. 2001)). Absent substantial compliance with the requirements of Federal Rule of Civil

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

39661809

Procedure 4, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). A liberal construction of Federal Rule of Civil Procedure 4 "cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had." *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 300 (7th Cir. 1991).

### C. The Hague Convention

The Hague Convention provides the procedures for transmitting documents and completing service on persons or entities domiciled in a signatory foreign state. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988); *Prod. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, No. 16-CV-00669-YGR, 2016 WL 11299475, at *2 (N.D. Cal. June 7, 2016). The "primary method" by which service may be accomplished under the Hague Convention is by sending "the summons and complaint to the 'Central Authority' for the country in which service is to be made, along with request for service." *OGM, Inc. v. Televisa, S.A. de C.V.*, No. CV 08-5742-JFW (JCx), 2009 WL 1025971, at *2 (C.D. Cal. Apr. 15, 2009) (citing Hague Convention, arts. 2, 3, 5). Federal Rule of Civil Procedure 4(f)(1), by incorporating the Hague Convention, in turn affirmatively authorizes use of a Central Authority. *Brockmeyer*, 383 F.3d at 804. Since the U.S. and UK are signatories to the Hague Convention, it cannot be disputed that the Hague Convention's service of process requirements apply in this case. *See Volkswagenwerk*, 486 U.S. at 705 ("[C]ompliance with the [Hague] Convention is mandatory in all cases to which it applies.").

### IV. ARGUMENT

There was insufficient service of process here warranting dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5) because Plaintiff's method of service did not comply with the mandatory service requirements of the Hague Convention. *Aktiengesellschaft*, 486 U.S. at 705; *Omni Capital*, 484 U.S. at 104; *Prod. & Ventures*

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

39661809

- 4 -

*Int'l, 2016 WL 11299475*, at \*2 (granting motion to dismiss for defendant residing in China "[b]ecause plaintiff did not follow the Hague Convention in serving [defendant] . . . ."). Plaintiff's failure to comply with the Hague Convention is evident on the face of the proof of service and attachments themselves. Specifically, the "CERTIFICATE – ATTESTATION" purports that, on June 17, 2019, unspecified "Documents" were served on PLT UK by the Central Authority at PLT UK's registered UK address. Figueroa Decl., ¶ 2, Ex. A. The "CERTIFICATE – ATTESTATION" further purports that the Central Authority effected service in accordance with "the provisions of sub-paragraph (a) of the first paragraph of article 5 of the [Hague] [C]onvention." *Id*. Article 5 of the Hague Convention reads as follows:

> The Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency, either -
> **a) by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or**
> b) by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed.
> Subject to sub-paragraph (b) of the first paragraph of this Article, the document may always be served by delivery to an addressee who accepts it voluntarily.
> If the document is to be served under the first paragraph above, the Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed.
> That part of the request, in the form attached to the present Convention, which contains a summary of the document to be served, shall be served with the document.

Figueroa Decl., ¶ 3, Ex. B (emphasis added). As a result, the method of service must comply with the Civil Procedure Rules of England and Wales. *See* Hague Convention, art. 5(a); *Platypus*, WL 3706876, at \*3. ("The Hague Convention requires signatory countries to . . . serve those documents by methods compatible

39661809

- 5 -

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

with the internal laws of the receiving state."). The relevant rules for personal service in the UK are Rules 6.3(1)(a), 6.5(3)(b), and Practice Direction 6A of the Civil Procedure Rules of England and Wales. Figueroa Decl., ¶ 4–5, Ex. C–D. Rule 6.3(1)(a) requires that:

> 1) A claim form may (subject to Section IV of this Part and the rules in this Section relating to service out of the jurisdiction on solicitors, European Lawyers and parties) be served by any of the following methods –
>
> (a) personal service in accordance with rule 6.5

Figueroa Decl., ¶ 4, Ex. C. In turn, Rule 6.5(3)(b) requires that personal service on a company or corporation comply with the following:

> (3) A claim form is served personally on –
>
> (b) a company or other corporation by leaving it with a person holding a **senior position** within the company or corporation;

*Id.* (emphasis added). A person holding a "senior position" is explicitly defined in Practice Direction 6A of the Civil Procedure Rules of England and Wales as follows:

> 6.1  Personal service on a registered company or corporation in accordance with rule 6.5(3) is effected by leaving a document with a person holding a senior position.
>
> 6.2  Each of the following persons is a person holding a senior position –
>
> **(1) in respect of a registered company or corporation, a director, the treasurer, the secretary of the company or corporation, the chief executive, a manager or other officer of the company or corporation; and**
>
> (2) in respect of a corporation which is not a registered company, in addition to any of the persons set out in sub-paragraph (1), the mayor, the chairman, the president, a town clerk or similar officer of the corporation.

Figueroa Decl., ¶ 4, Ex. C (emphasis added). The "CERTIFICATE – ATTESTATION" purports that the Central Authority personally served PLT UK in

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

the following manner:

> Documents were served by leaving at the security in a sealed envelope of the company's registered address given.

*Id*. at ¶ 2, Ex. A. Thus, service was not perfected in this instance and dismissal is warranted as the Court cannot currently exercise personal jurisdiction over PLT UK. *Omni Capital*, 484 U.S. at 104; *Direct Mail Specialists*, 840 F.2d at 688.

Leaving "Documents" with security personnel at PLT UK's registered address is the wrong way to personally serve a company or corporation in the UK. Specifically, Plaintiff's method of service is improper because the "internal law" of the UK—*i.e.*, Rules 6.3(1)(a), 6.5(3)(b), and Practice Direction 6A of the Civil Procedure Rules of England and Wales—requires that service be perfected by serving a "director, the treasurer, the secretary of the company or corporation, the chief executive, a manager or other officer of the company or corporation." Figueroa Decl., ¶¶ 4–5, Exs. C–D. It cannot be disputed that security personnel falls outside of the definition of someone holding a "senior position."

Federal Rule of Civil Procedure 4 is clear, Plaintiff was required to serve PLT UK in accordance with the service requirements of the Hague Convention. FED R. CIV. P. 4(f)(1). Plaintiff tried and failed. Due to insufficient service of process, the Court cannot currently exercise jurisdiction over PLT UK, warranting dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5). *Benny*, 799 F.2d at 492.

## V.   **CONCLUSION**

For the foregoing reasons, PLT UK respectfully requests that Plaintiff's Complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5).

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Dated:  August 8, 2019

TROUTMAN SANDERS LLP

By:  /s/ Oscar Figueroa
      Austin Padgett
      Oscar Figueroa

Attorneys for Defendants
PRETTYLITTLETHING.COM
LIMITED and
PRETTYLITTLETHING.COM
USA INC.

TROUTMAN SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS