CHAN YONG JEONG, ESQ. (SBN 255244)
jeong@jeonglikens.com
JEONG & LIKENS, L.C.
222 South Oxford Avenue
Los Angeles, California 90004
Tel. 213-688-2001
Fax. 213-315-5035

Attorneys for Plaintiff, C&SM INT'L

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C&SM INT'L, a South Korea Corporation;<br><br>Plaintiff,<br><br>vs.<br><br>PRETTYLITTLETHING.COM LIMITED, a Manchester Corporation; PRETTYLITTLETHING.COM USA INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:19-cv-04046-CBM-KS<br><br>Honorable Consuelo B. Marshall<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date: September 24, 2019<br>Time: 10:00 a.m.<br>Place: Courtroom 8B |

1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Despite what Defendants PRETTYLITTLETHING.COM LIMITED ("PLT LTD") has argued, Plaintiff C&SM INT'L ("Plaintiff") has properly served PLT LTD with its complaint under UK law.  On June 17, 2019, Plaintiff served Defendant with the complaint by leaving the documents with the Security at the Company's given address. This service was properly recorded with a Hague Certificate of Service *See* Exhibit B (PoS PLT LTD).

## II. ARGUMENT

**1. Defendant's Counsel Lacks Sufficient Legal Expertise to Support his Claim that Service was Deficient.**

Defendants have supported their motion to dismiss solely with a declaration from the defendant's counsel (Exhibit C- decl. of Oscar Figueroa), which claims that Plaintiff's method of service was improper, citing both the Hague Convention and the Civil Procedure Rules of England and Wales. In particular, defendant's counsel claims that the provisions of sub-paragraph (a) of Article 5 of the Hague Convention have not been upheld. Defendant's counsel claims that sub-paragraph (a)'s requirement that complaints be served "by a method prescribed by its internal law" has not been satisfied, by claiming that the "internal law" specified in Article 5 refers here to Rule 6.5(3)(b) of the Civil Procedure Rules of England and Wales.

Rather than relying on any judicial authority to support the validity of this proposition, defendant's counsel's declaration instead asserts that this rule, and defendant's counsel's interpretation of this rule in particular, is correct. However, defendant's counsel is a California lawyer, licensed to practice California law, who has given no authority in support of his conclusions beyond linking to web pages. The sources defendant's counsel links to in his declaration are far from conclusory

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

on the issue, and the particular Rule counsel relies upon to make his argument that service was improper, Rule 6.5(3)(b), is only referenced on the page under the heading for another Rule, Rule 6.1. Defendant's counsel is not qualified to interpret either Article 5 of the Hague Convention or the Civil Procedure Rules of England and Wales, yet they claim that Plaintiff's service was improper based on nothing but text indirectly linked from a webpage. Defendant's counsel's declaration fails to demonstrate any evidence that the Rules they have linked are applicable, or controlling in this case. Defendant's counsel should have consulted with an expert in UK law, and provided a declaration from them, if they wanted their contentions to be taken seriously. Therefore, defendant's counsel's declaration has failed to provide sufficient proof that Plaintiff's complaint was improperly served under F.R.C.P. 12(b)(5), and must fail for this reason.

**2. Plaintiff's Proof of Service (Hague Certificate of Service) (Docket No. 17) Establishes the Prima Facie Case that Service Was Proper, While Defendant Failed to Rebut Such Prima Facie Case.**

While Defendant has only provided speculation backed by web links to the UK civil procedure code in order to claim that Plaintiff's service was improper, Plaintiff has provided proof of proper service in the form of a **<u>Hague Certificate of Service</u>**. Docket No. 17.  The execution of a Hague Certificate Service has been continuously held to serve as **near-indisputable *prima facie* proof** that service of process was proper. *Northrup King v. Compania Productora Semillas Algodoneras Selectas, SA*, 51 F.3d 1383 (8th Cir 1995). In order to rebut the *prima facie* case established by a complete Hague Certificate of service, a defendant must, "show **lack of actual notice** of the proceedings or that the defendant was **prejudiced in some way as a result of the alleged deficiency**." (emphasis added) *Myrtle v. Graham*, 2011 WL 446397 at *2 (E.D. La. 2011). Furthermore, **an appearance to**

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

**defend against service qualifies as actual notice**. *Bevilacqua v. US BANK*, Case No. 3D15-1684 (3rd Dist. Fl. App).

In this case, Defendant has appeared to defend against service as in *Bevilacqua*. Further, before discussing any prejudice, Defendant has to prove there was deficiency, which it failed by simply relying on its counsel (a California counsel)'s speculation about the UK laws. Therefore, while Plaintiff has met its burden of establishing the prima facie case that service was properly made upon Defendant, and Defendant's motion failed to meet its burden of rebutting the prima facie case.

In addition, Defendant's speculative interpretation of the UK law shows obvious flaws too.  Rule 6.1 is not the exclusive way in which a corporation may be served in the UK. Just as with the U.S. law, the UK's rules allow for alternative service- defeating defendant's counsel's argument that the "internal law" of the UK has not been complied with as required under Article 5 of the Hague Convention. In fact, the link provided by defendant's evidences that alternative service is proper within the UK under Rule 9.1, but Defendant's counsel omitted to address this rule at all in his declaration.

### III. CONCLUSION

For the reasons stated above, Defendant's motion should be denied.

Dated: September 4, 2019                    Respectfully submitted by,

                                                           */s/Chan Yong Jeong*
                                                           Chan Yong Jeong, Esq.
                                                           Attorneys for Plaintiff

4

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**